**MONTBLANC–SIMPLO GMBH and MONTBLANC, INC., Plaintiffs,**

v.

**STAPLES, INC., Defendant.**

**No. CIV.A. 01–10235–DPW.**

United States District Court, D. Massachusetts.

Sept. 17, 2001.

WOODLOCK, District Judge.

ORDER AND JUDGMENT

WHEREAS, Plaintiffs Montblanc–Simplo GmbH or Montblanc, Inc., own the registered trademarks MONTBLANC (Reg. No. 776,208), a stylized star design (Reg. No. 839,016), a three gold ring design (Reg. Nos. 1,891,033 and 1,723,665) and PIX (Reg. Nos. 2,087,771 and 624,087) as applied to writing instruments (the "Marks");

WHEREAS, Montblanc–Simplo GmbH is the manufacturer of products bearing the Marks and Montblanc, Inc., is the ex-clusive authorized distributor in the United States of such products;

WHEREAS, Defendant Staples, Inc. is the parent corporation of certain wholly-owned subsidiaries which operate a chain of office supply stores throughout the United States;

WHEREAS, on February 8, 2001, Montblanc–Simplo GmbH and Montblanc, Inc., filed a complaint against Staples, Inc., in a civil action entitled *Montblanc–Simplo GmbH, et al. v. Staples, Inc.*, Civil Action No. 01–10235–DPW, in the United States District Court for the District of Massachusetts ("the Litigation");

WHEREAS, on May 3, 2001, in response to a motion made by Plaintiffs, the Court entered a Preliminary Injunction (the "Preliminary Injunction") against Staples, Inc., in the Litigation;

WHEREAS, Plaintiffs and Defendant have entered into a Settlement Agreement resolving any and all controversies and disputes as of this date arising from or relating to the allegations made in the Complaint herein;

WHEREAS, pursuant to the Settlement Agreement, Defendant has consented to entry by the Court of this Permanent Injunction; and

WHEREAS, pursuant to the Settlement Agreement, Plaintiffs have agreed to dismiss the claims asserted in their Complaint in this Action;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant, its agents, employees, subsidiaries, successors and assigns, and any persons acting on its behalf, or through or in active concert or participation with it, are hereby permanently enjoined from importing, selling, repackaging, marketing, or otherwise distributing

in the United States any writing instrument or component bearing any one or more of the Marks from which any serial number or Mark has been obliterated or otherwise removed or which has otherwise been modified or altered by anyone but one or both of the Plaintiffs.

2. With regard to its current inventory, and notwithstanding the prohibition of paragraph 1 above, Defendant may (a) distribute modified or altered writing instruments bearing one or more of the Marks to its own employees for their personal use, (b) sell such pens to the public after they have been delivered to Montblanc, Inc., for reconditioning and after their return to defendant by Montblanc, Inc., or (c) sell such pens from which either the serial number *or* the PIX mark has been removed, as permitted by the Preliminary Injunction, accompanied by the disclaimers provided for in the Preliminary Injunction. The total distribution and sale of modified, altered or reconditioned Montblanc products under subsections (a), (b) and (c) shall not exceed a total of fourteen thousand (14,000) units. The means, time and cost of delivery of pens from Defendant to Montblanc, Inc., and the cost to be paid by Defendant to Montblanc, Inc., for such reconditioning shall be determined by terms agreed to by the parties and embodied in their Settlement Agreement.

3. Nothing in this Order shall be construed to prejudge any claim or issue that may be raised in the future by any party against any other party with respect to any future sales of any products other than those products, not to exceed fourteen thousand (14,000) units, specifically referenced in Paragraph 2 above. The Preliminary Injunction previously entered in this Action is vacated, Plaintiffs' $100,000 bond executed pursuant to that Injunction is hereby released, and, subject to paragraph 4 below, Plaintiffs' claims asserted in this Action are hereby dismissed with prejudice.

4. The Court shall retain jurisdiction of this Action for the purposes of enforcing the provisions of this Permanent Injunction and the Settlement Agreement otherwise terminating this Action.

### ORDER FOR ENTRY OF JUDGMENT

Upon the joint request of the parties, the attached stipulated Order and Judgment is hereby entered, pursuant to Fed. R.Civ.P. 41(a)(2).